UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOEL B. ATTIA                                                                                         PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:21CV177-HSO-RPM

ISLE OF CAPRI et al                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. Plaintiff Joel B. Attia, proceeding *pro se* and *in forma pauperis*, filed on May 25, 2021, a complaint against various casinos and individuals alleging that he is being followed and terrorized. He further alleges that the casinos use Nvidia surveillance equipment that emits low frequency through lights. He contends that "regular civilians" are keeping surveillance on a "Hebrew man". He asserts that this is a hate crime. The individuals following Plaintiff can talk, shock, watch, and listen to Plaintiff through low frequency light bulbs that have been converted to surveillance cameras. This low frequency resonates through the body, shaking internal organs and causing stomach problems, as well as affecting the nervous system. The low frequency has caused a disconnection and confuses the brain such that Plaintiff is not able to taste, smell, see, or feel. According to Plaintiff, Nvidia has patented a weapon to terrorize innocent people. Nvidia also has created a supercomputer the size of a credit card that was placed inside Plaintiff's body over seven years ago, hurting, burning, and shocking Plaintiff night and day. Plaintiff asserts that doctors tell him the supercomputer has been inside him too long and cannot be taken out. He seeks $20 trillion in damages.

This is one of many lawsuits filed by Plaintiff raising similar strange and outrageous allegations. *See Attia v. Jackson et al*, Civil Action No. 1:20-cv-211-LG-RPM; *Attia v. Hard Rock Casino et al*, 1:20-cv-322-RPM; *Attia v. Nvidia Corp. et al*, 1:20-cv-343-HSO-JCG; *Attia*

*v. Martin, et al*, Civil Action No. 1:21-cv-90-LG-JCG; *Attia v. Wray*, Civil Action No. 1:21-cv-159-RPM; *Attia v. Huang*, Civil Action No. 1:21-cv-179-TBM-RPM.  In fact, Plaintiff has been banned from filing any future lawsuits without prior approval of the Court.  *See Attia v. Martin, et al*, Civil Action No. 1:21-cv-90-LG-JCG.  The Court's sanction order applies prospectively and was issued after Plaintiff filed the instant complaint.

      The Court concludes that Plaintiff's instant complaint should be dismissed as frivolous. A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious.  *See* 28 U.S.C. § 1915(e)(2).  An action is frivolous if it lacks an arguable basis in either law or fact.  *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).  A claim is factually frivolous when the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional" or when they "rise to the level of the irrational or the wholly incredible."  *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  Plaintiff's assertion that casinos are using Nvidia-created surveillance devices in light bulbs that emit low frequencies and thereby cause Plaintiff harm falls within the category of fantastic and delusional allegations.  As does Plaintiff's assertion that a supercomputer the size of a credit card has been planted in his body.  In fact, Courts have dismissed similar claims by Plaintiff as factually frivolous.  *See Attia v. Wray*, 1:21cv159-RPM; *Attia v. Martin*, 1:21cv-90-cv-LG-JCG; *Attia v. Hard Rock Casino*, 1:20-cv-332-RPM; *Attia v. Jackson*, 1:20-cv-211-LG-RPM.  Consistent with these other rulings, the undersigned recommends that Plaintiff's instant complaint be dismissed as well.

## **RECOMMENDATION**

      Based on the foregoing, the undersigned recommends that Plaintiff Joel B. Attia's complaint be dismissed as frivolous.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 15th day of February 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE